STATE OF NORTH CAROLINA v. RANDY LEE SEE

No. 7518DC834

(Filed 17 March 1976)

Courts § 7— criminal case — appeal from district court to Court of Appeals improper

　　Petitioner had no right to appeal a criminal case from the district court to the Court of Appeals without first seeking review in superior court.

APPEAL by petitioner, GUILFORD County, from *Alexander, Judge.* Heard during the 12 May 1975 session of GUILFORD District Court. Judgment entered 11 June 1975. Heard in the Court of Appeals 11 February 1976.

On the 25th day of January 1974 judgment absolute in the amount of $2,501.18 was entered against Piedmont Bonding Company, surety, in the cases entitled *State of North Carolina v. Randy Lee See.*

The sum of $2,501.18 was paid into the Office of the Clerk of Superior Court on the 23rd day of May 1974. The clerk paid the sum of $2,500.00 to the Treasurer of Guilford County and before the 1st day of July 1974, the Treasurer issued checks transferring the $2,500.00 to the Boards of Education for the City of Greensboro, City of High Point and Guilford County.

On the 10th day of December, 1974, the defendant See petitioned the district court to strike out and set aside the judgment absolute on the appearance bond. On 20 January 1975 Judge Alexander ordered the judgment set aside and further ordered the Treasurer of Guilford County to refund all monies

rendered to his office by said judgment save and except the costs.

On 28 April 1975 Guilford County filed a motion to set aside the order entered on 20 January 1975.

The hearing was held before Judge Alexander on 12 May 1975 after which she entered the following order which was filed on 11 June 1975:

"This cause coming on to be heard and being heard before the undersigned District Court Judge upon the motion of Mr. William L. Daisy, Assistant County Attorney for Guilford County, to set aside the order of this court entered January 20, 1975, and the hearing having been held before the court after notice to the attorneys for the three school boards involved, as well as the attorney for the defendant and bonding company; and the court having considered the motion of Guilford County, the court file, and the argument of counsel, the court makes the following:

FINDINGS OF FACT

1. That on January 25, 1974, judgment absolute against Piedmont Bonding Company, surety, in the case entitled STATE OF NORTH CAROLINA v. RANDY LEE SEE (File numbers 73-Cr-46019-46021) was entered in the amount of $2,501.18.

2. That this amount was paid into the office of the Clerk of Superior Court on May 23, 1974, and was subsequently paid to the Treasurer of Guilford County, who before the 20th day of January, 1975, subsequently paid this amount, according to a distribution formula, to the three Boards of Education within Guilford County.

3. That on the 20th day of January, 1975, this court entered an order setting aside the judgment absolute on the bond in this case and ordering the Treasurer of Guilford County to refund all monies rendered to his office by said judgment save and except the costs.

4. Upon further hearing of this matter the court finds that it had sufficient reason in its discretion to order the return of the bond.

5. The court found and finds that there was just cause to return the bond in spite of the failure of the defendant to

appear and the court finds that the defendant subsequently did return and surrender himself to the court whereupon a new and substantially lower bond was set.

6. The court finds that it did not abuse its discretion in its decision (pursuant to North Carolina General Statute 15-116) in ordering the return of a bond.

Based on the foregoing findings of fact, the court makes the following :

CONCLUSIONS OF LAW

The court concludes as a matter of law that it did not abuse its discretion or act beyond its legal authority in ordering the return of the bond in this action.

It is now, therefore, ORDERED, ADJUDGED AND DECREED that the Treasurer of Guilford County shall pay the amount of the bond to Piedmont Bonding Company.

This 11th day of June, 1975.

s/ ELRETA MELTON ALEXANDER
District Court Judge"

Guilford County appealed, assigning error.

*Assistant County Attorney William L. Daisy, for appellant Guilford County.*

*Smith, Patterson, Follin, Curtis & James, by Michael K. Curtis, for appellees Randy Lee See and Piedmont Bonding Company.*

MARTIN, Judge.

We perceive the constitutional and statutory structure of our General Court of Justice to provide that, generally, appeals from the district court in *civil* causes go to the Court of Appeals, while appeals in *criminal* causes must first go to the superior court.

State v. See

The record shows the following:

"SCI FA INDEX TO CRIMINAL ACTIONS
File No. 73cr46019-20-21
Name: PIEDMONT BONDING Co., Surety
Address: SEE, Randy Lee, Def.
Offense: Poss. of L.S.D.—Poss. M.D.A.—
  Poss. of Marij.
Bond $2,500.00 dated 8-1-73
Sci Fa Warrant Issued 9-19-73

Final Disposition: 1-25-74 Judgment absolute in the amt. of $2,500.00 execution 60 days, continued to May 1, 1974 on March 28, 1974 Pd. $2,501.18 5-23-74"

This was a criminal prosecution, heard on petition of defendant to strike out and set aside the judgment absolute on a bond for his appearance in court. The motion by Guilford County and the proceedings thereafter did not change the identity of the proceedings from criminal to civil.

G.S. Chapter 15, Article 11 is entitled "Forfeiture of Bail" and within that article is G.S. 15-116 entitled "Judges may remit forfeited Recognizances," which provides as follows:

"The judges of the superior and district courts may hear and determine the petition of all persons who shall conceive they merit relief on their recognizances forfeited; and may lessen, or absolutely remit, the same, and do all and anything therein as they shall deem just and right and consistent with the welfare of the State and the persons praying such relief, as well before as after final judgment entered and execution awarded."

We hold that petitioner, even if it be a proper party, has no right to appeal a criminal cause from the district court to this Court.

In view of the foregoing, we do not reach the question of whether the action of the trial court from which the petitioner attempted to appeal was in conformity with the applicable statute. The question must be considered in the superior court before it can be considered by us.

For the reasons stated, the appeal is

Dismissed.

Judges BRITT and HEDRICK concur.